**FEI LIN DONG, Petitioner,**

v.

**U.S. DEPT. OF JUSTICE, Respondent.**

No. 06–3381–ag.

United States Court of Appeals,
Second Circuit.

May 8, 2007.

Fei Lin Dong, pro se, Bronx, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Fei Lin Dong, a native and citizen of the People's Republic of China, seeks review of a June 30, 2006 order of the BIA affirming the February 18, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr, denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Lin Dong,* No. A77 043 135 (B.I.A. June 30, 2006), *aff'g* No. A 77 043 135 (Immig. Ct. N.Y. City Feb. 18, 2005).

When the BIA adopts the decision of the IJ and supplements it, this Court reviews the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391,

406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ The IJ denied Dong's asylum claim because he failed to prove that he filed his application within one year of entry into the United States or that exceptional circumstances prevented him from filing a timely application. The plain language of 8 U.S.C. §§ 1158(a)(3) and 1252(a)(2)(D) confers jurisdiction on this Court to review only constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 323–24 (2d Cir.2006); *Joaquin–Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir. 2006). In this case, Dong argues only that, in making her one-year bar finding, the IJ failed to fully credit Dong's explanation that he "had never heard from anyone that [an] asylum application needs to be filed within one year." This argument raises neither a constitutional claim nor a question of law. *See Xiao Ji Chen*, 471 F.3d at 330. As such, we lack jurisdiction over the asylum claim.

■ In regard to Dong's withholding of removal claim, the IJ reasonably relied on the forensic report entered into evidence, and Dong's testimony regarding the acquisition of his passport, in making her adverse credibility determination. The Department of Homeland Security Forensic Document Laboratory Report—which concluded that the national identification card Dong submitted in support of his claim was "counterfeit"—provides substantial evidence to support the IJ's finding. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151 (2d Cir.2006); *In re O–D–*, 21 I. & N. Dec. 1079, 1081 (BIA 1998). *Cf. Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir.2006). Furthermore, although Dong entered into evidence a passport to corroborate his identification, he testified that he obtained the passport after giving a person $600 and his identification card to

go to the Chinese consulate on his behalf. Because the forensic report indicated that Dong's identification card was fraudulent, and Dong's testimony suggested that he acquired his passport in an unauthorized manner, the IJ reasonably determined that the passport and the identification card entered into evidence failed to establish Dong's identity and also impeached his general credibility.

The IJ also reasonably determined that the abortion certificates Dong presented were fraudulent and further undermined the veracity of Dong's claim. An investigation report from the DHS American Consulate General in Guangzhou concluded that Dong's submitted abortion certificates were "fabricated" because the "Department of Gynecology & Obstetrics of the Clinic [listed on the certificates] ha[d] never had Dr. Zhu, Benfeng and Dr. Lin, Yifang, who allegedly signed the two Certificates." Dong argues that the IJ impermissibly relied on the consular report because the Chinese government has a clear motive to "refuse [to] admit the fact that they abuse human rights." However, DHS Special Agent Liu prepared a Report of Investigation in support of the consular report, which identifies the steps that the agent used in reaching her conclusion and attests that the nature of the investigation was not disclosed to any foreign authorities during the inquiry. *Cf. Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 270–71 (2d Cir.2006). Furthermore, as the IJ noted, the background materials on China state that abortion certificates are generally issued only "after a voluntary abortion." *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006). The background materials, together with the consular report, provide substantial support for the IJ's conclusion.

Because the IJ properly determined that Dong's submitted abortion certificates, passport, and national identification card were fraudulent, remand for reconsid-

eration of Dong's withholding of removal claim is not necessary, regardless of any potential errors in the IJ's decision, because this Court can state with confidence that the agency would reach the same result upon reconsideration of any errors in this case. *Xiao Ji Chen,* 471 F.3d at 338.

Because Dong's CAT claim was based on the same factual predicate as his claim for withholding of removal, substantial evidence also supports the agency's determination that Dong failed to establish a likelihood of torture upon his return to China. *See, e.g., Shou Yung Guo v. Gonzales,* 463 F.3d 109, 114 (2d Cir.2006).

Dong argues that, in addition to the reasons he presented to the IJ, his family also suffered persecution by the Chinese Communist Party "due to the Three–Five Suppression." In support of this claim, Dong submitted some additional documents to this Court. The government has moved to strike this evidence, on the ground that it was not presented to the IJ or to the BIA. Our review is statutorily limited to "the administrative record on which the [challenged] order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Furthermore, because Dong never raised the "Three–Five Suppression" claim to the IJ or the BIA, he has failed to exhaust his administrative remedies, and we lack jurisdiction to consider the claim. *See* 8 U.S.C. § 1252(d); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004). The government's motion is therefore granted.

Accordingly, Dong's petition for review is DISMISSED IN PART and DENIED IN PART, and the government's motion to strike new evidence is GRANTED. The pending motion for a stay of removal in this petition is DENIED as moot.